# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-

TYRONE JACKSON RILEY

Case Number: 6:04-CR-35-Orl-31KRS

USM Number: 25552-018

Michelle P. Smith
201 S. Orange Ave. #300
Orlando, FL 32801

## JUDGMENT IN A CRIMINAL CASE
### For Revocation of Probation or Supervised Release

The defendant admitted guilt to violation charge number 1, 2, 3, 4, 5, 6, 7, 8, and 10 of the term of supervision. The defendant is adjudicated guilty of these violation charge numbers:

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to submit written monthly reports in violation of Condition Two of the Standard Conditions of Supervision | February 5, 2008 |
| 2 | Failure to notify probation ten days prior to any change in residence in violation of Condition Number Six of the Standard Conditions of Supervision. | January 1, 2008 |
| 3 | Failure to notify probation ten days prior to any change in employment in violation of Condition Number Six of the Standard Conditions of Supervision. | January 8, 2008 |
| 4 | Positive urinalysis for Cocaine in violation of Condition Number Seven of the Standard Conditions of Supervision. | October 18, 2007 |
| 5 | Positive urinalysis for Benzodiazepines in violation of Condition Number Seven of the Standard Conditions of Supervision. | October 30, 2007 |
| 6 | Failure to submit to urinalysis in violation of the Special Conditions of Supervision. | December 22, 2007 |
| 7 | Failure to submit to urinalysis in violation of the Special Conditions of Supervision. | December 26, 2007 |
| 8 | Failure to submit to urinalysis in violation of the Special Conditions of Supervision. | January 8, 2008 |
| 10 | Failure to participate in drug aftercare treatment in violation of the Special Conditions of Probation. | February 13, 2008 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has not violated conditions 9 and is discharged as to such violation condition.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

AO 245B (Rev. 6/05) Judgment in a Criminal Case

If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

8/21/2008

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

August __22__, 2008

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **90 Days with credit for time served**.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By:_____  
Deputy U.S. Marshal

AO 245B (Rev. 6/05) Judgment in a Criminal Case

TYRONE JACKSON RILEY  
6:04-CR-35-Orl-31KRS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years**. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court authorizes random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

AO 245B (Rev. 6/05) Judgment in a Criminal Case

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall reside in a Residential Reentry Center for a period of **90 days** and shall observe the rules of that facility He shall be placed in the Prerelease (least restrictive) component of the program. If this program is unavailable the defendant shall participate in the Home Detention program for a period of **90 Days**. During this time, the defendant will remain at the defendant's place of residence except for employment and other activities approved in advance by the Probation Office. The defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Office. Further, the defendant shall be required to contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office based on the defendant's ability to pay.

2. The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

The Judgment (Doc. No. 57) filed on July 22, 2004, remains unaltered and in effect except as amended herewith.

AO 245B (Rev. 6/05) Judgment in a Criminal Case